**CHARLES F. MARSLAND, JR.**, in his official capacity as Honolulu Prosecuting Attorney, Movant–Appellant, v. **FIRST HAWAIIAN BANK**, Party–in–Interest–Appellee

NO. 12529

(S. P. NO. 87–0276)

NOVEMBER 14, 1988

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

The issue presented in this appeal is whether the Prosecutor has the authority to issue administrative subpoena duces tecum, pursuant to Honolulu Charter § 13–114, to banks and other financial institutions for records relating to persons who will "more probably than not" be the subject of a criminal adjudication within the meaning of HRS § 28–2.5. In denying the Prosecutor's Motion to Compel Production of Documents, the lower court ruled that the subpoena powers granted to the Prosecutor by sections 8–104 and 13–114 of the *Revised Charter of the City and County of Honolulu* (1984) (Honolulu Charter) impermissibly conflicted with section 28–2.5 of the Hawaii Revised Statutes (HRS) (Supp. 1987) as it gave the Prosecutor "greater investigative and broader, unlimited subpoena powers than the Attorney General from whom the Prosecuting Attorney derives his authority." We agree and therefore affirm.

I.

On July 6, 1987, Petitioner–Appellant Charles F. Marsland, the Prosecuting Attorney for the City and County of Honolulu (Prosecutor), signed and issued an administrative subpoena duces tecum to Respondent–Appellee First Hawaiian Bank (FHB) seeking bank records relating to two persons under criminal investigation for embezzlement

and theft of a trust account.[1] At that time, neither of the suspects had been indicted. FHB refused to honor the subpoena duces tecum on the basis that it was signed by the Prosecutor and not the clerk of the court. Consequently, on July 13, 1987, the Prosecutor filed a Motion to Compel Production of Documents pursuant to Honolulu Charter §§ 8–104 and 13–114.[2] On October 6, 1987, the court denied the Motion to Compel from which the Prosecutor brings this appeal.

---

[1] The subpoena duces tecum commanded FHB to provide to the Prosecutor the following materials:

[A]ny and all signature cards, all account statements; current addresses and phone numbers of all account holders for account #79–020958 in the name of MAR–GO HAWAII TAX SERVICE, MAR–GO HAWAII TRAVEL; RICHARD B[.] GOEAS AND MARGUERITE G. GOEAS. Please include all notes, diaries, correspondence, written instructions from any account holders, written confirmations of verbal instructions of an account holder, authorizations, power of attorney, trust agreements, affidavits, court orders guardianship of the property documents.

Also, any and all copies of checks, share drafts, cashiers checks, wire transfers and the bank accounts funds were sent to, fund transfers of any kind, written confirmations, receipts, deposit slips, withdrawal slips, debits, credits, offsets, and any other documents pertaining to the above accounts IN THE AMOUNTS EQUAL TO OR GREATER THAN $100.00. Please include documents pertaining to the closing of any of the above accounts. ALL REQUESTED RECORDS FOR PERIOD JANUARY, 1978 to 1984.

[2] Honolulu Charter § 8–104 (1984) provides:

The prosecuting attorney shall:

(a) Attend all courts in the city and conduct, on behalf of the people, all prosecutions therein for offenses against the laws of the State and the ordinances and rules and regulations of the city.

(b) *Prosecute offenses against the laws of the State under the authority of the attorney general of the State.*

(c) Appear in every criminal case where there is a change of venue from the courts in the city and prosecute the same in any jurisdiction to which the same is changed or removed. The expense of such proceeding shall be paid by the city.

(d) Institute proceedings before the district judges for the arrest of persons charged with or reasonably suspected of public offenses,

II.

The Prosecutor argues that HRS § 28–2.5[3] does not limit its subpoena powers authorized by Honolulu Charter § 13–114 because (1) the Prosecutor does not derive his prosecutorial power from the Attorney General and therefore HRS § 28–2.5 does not apply to the Prosecutor; and (2) the Prosecutor's subpoena power relates to the "administrative structure and organization" of the City and County of Honolulu and there-

> when the prosecuting attorney has information that any such offenses have been committed, and for that purpose, take charge of criminal cases before the district judges either in person or by a deputy or by such other prosecuting officer or in such other manner as the prosecuting attorney shall designate with approval of the district court or in accordance with statute; draw all indictments and attend before and give advice to the grand jury whenever cases are presented to it for its consideration; *and investigate all matters which may properly come before the prosecuting attorney.* Nothing herein contained shall prevent the conduct of proceedings by private counsel before courts of record under the direction of the prosecuting attorney.

(Emphasis added).

Honolulu Charter § 13–114 (1984) provides:

> Every officer or agency of the city authorized to hold hearings or to conduct investigations shall have power to administer oaths and *to issue subpoenas to compel the attendance of witnesses and the production of documents.* If any person, subpoenaed as a witness or to produce any books or papers called for by the process of the investigating body, shall fail or refuse to respond thereto or refuse to answer questions propounded by any member of the investigating body or its counsel, material to the matter pending before such body, *the proper court, upon request of the investigating body, shall have power to compel obedience to any process of such body and require such witness to answer questions put to such person as aforesaid and to punish, as a contempt of the court, any refusal to comply therewith without good cause shown therefor.* (Emphasis added).

[3] HRS § 28–2.5 (Supp. 1987) provides:

> The attorney general shall investigate alleged violations of the law when directed to do so by the governor, or when the attorney general determines that an investigation would be in the public interest.
>
> (1) (A) When the department of the attorney general conducts a general investigation, the attorney general or a designated subordinate may subpoena witnesses, examine them under oath,

fore is superior to HRS § 28–2.5 under the "home rule" provision of the Hawaii State Constitution, article VIII, section 2.

**A.**

The Attorney General is the chief legal officer for the State of Hawaii and has the ultimate responsibility for enforcing penal laws of statewide application. *Amemiya v. Sapienza*, 63 Haw. 424, 427, 629 P.2d 1126, 1129 (1981); HRS §§ 28–1 and –2. The Attorney General, however, has delegated to the county prosecutors the primary authority and responsibility for initiating and conducting criminal prosecutions within their respective county jurisdictions. *Amemiya*, 63 Haw. at 427, 629 P.2d at 1129. Honolulu Charter § 8–104(b); HRS § 62–71(1) (1985). Thus, the Prosecutor's authority to investigate, initiate and conduct criminal prosecutions within the City and County of Honolulu is derived directly from the authority of the Attorney General.[4]

The authority of the Attorney General includes the power to investigate violations of state penal laws by issuance of investigating subpoenas. *See* HRS § 28–2.5(1). The Attorney General's authority to subpoena,

---

        and require the production of any books, papers, documents, or objects that are relevant to the inquiry.

(B)    When the department of the attorney general, serves a subpoena under subparagraph (A), it shall attach to the subpoena a short and plain statement of the recipient's rights and the procedures for enforcing and contesting the subpoena.

(2) (A)    *However, when the matter under investigation is the subject of a civil or criminal adjudication, or when the attorney general or a designated subordinate, determines that an adjudication is more probable than not, the office of the attorney general shall be subject to the relevant rules of court and shall exercise subpoena powers no different than those available to the probable opposing party.*

(B)    Upon application by the attorney general, obedience to subpoenas issued by the department of the attorney general may be enforced by the circuit court in the county where the person subpoenaed resides or is found.

(Emphasis added).

[4]The circuit court concluded as a matter of law that the Prosecutor is "under the control and direction of the Attorney General." (Order, Conclusion of Law

however, is not unlimited. The legislature provided for two procedural safeguards in the issuance of subpoenas to assure fairness to persons under investigation and to opposing parties. Conf. Comm. Rep. No. 44–86, in 1986 House Journal, at 932. HRS § 28–2.5(1)(B) requires that when the Attorney General serves a subpoena pursuant to a general investigation, "it shall attach to the subpoena a short and plain statement of the recipient's rights and procedures for enforcing and contesting the subpoena." And § 28–2.5(2)(A) provides that "when the matter under investigation is the subject of a civil or criminal adjudication, or when the attorney general or a designated subordinate, determines that an adjudication is more probable than not, the office of the attorney general shall be subject to the relevant rules of court and shall exercise subpoena powers no different than those available to the probable opposing party." These two provisions, enacted by the legislature in 1986, are expressly designed to prevent the inappropriate use of investigating subpoenas by government officials charged with the responsibility of investigating violations of state law. *See* Conf. Comm. Rep. No. 44–86, in 1986 House Journal, at 932.

In contrast, the Honolulu City Charter provision authorizing the Prosecutor to issue investigating subpoenas has no similar procedural safeguards. Instead, Honolulu Charter § 13–114 broadly authorizes the Prosecutor "to issue subpoenas to compel the attendance of witnesses and the production of documents," and to apply to the court to "compel obedi-

---

numbers 3 and 7, pp. 4 and 6). In support, the court erroneously relied upon HRS § 62–71(1) (1985) which provides that:

> The county attorney is the public prosecutor for the county in which he has been elected and he, or his deputy, shall:

(1) Attend the circuit court in and for the county and under the control and direction of the attorney general conduct on behalf of the people all prosecutions therein for offenses against the laws of the State and the ordinances of the board of supervisors[.]

The court erred in relying upon § 62–71(1) as that provision, being part of Subtitle 2 of Title 6, applies only to the counties of Hawaii, Kauai, and Maui. This error, however, does not require reversal as there is no question that the Prosecutor for the City and County of Honolulu acts "under the authority of the attorney general of the State." *See* Honolulu Charter § 8–104(b); and *Amemiya*, 63 Haw. at 427, 629 P.2d at 1129.

ence" to the subpoena. The provision also empowers the court to punish, "as a contempt of the court, any refusal to comply therewith without good cause shown therefor." Honolulu Charter § 13–114 therefore grants the Prosecutor greater subpoena powers than those granted to the Attorney General by HRS § 28–2.5.

The question thus presented is whether the Prosecutor, having derived its authority from the Attorney General, possesses greater investigating subpoena powers than those granted to the Attorney General. Logic requires we answer in the negative. As previously stated, the Prosecutor's power to investigate state penal law violations is derived solely from the authority of the Attorney General. Consequently, the limitations imposed on the Attorney General's investigating subpoena powers by HRS § 28–2.5 apply to and define the outer limits of the Prosecutor's subpoena powers. We therefore hold that to the extent Honolulu Charter § 13–114 authorizes subpoena powers broader than or inconsistent with the subpoena powers authorized in HRS § 28–2.5, Honolulu Charter § 13–114 is invalid. HRS § 70–105 (1985).

We hold that pursuant to HRS § 28–2.5(2)(A), the Prosecutor could not execute an investigating subpoena without being subject to the relevant rules of court. Consequently, the Prosecutor's subpoena was invalid.

## B.

The Prosecutor contends that Honolulu Charter § 13–114 is entitled to constitutional protection under the "home rule" provision of the Constitution of the State of Hawaii, article VIII, section 2.

Article VIII of the Hawaii State Constitution defines the relationship between the state and county governments. Article VIII, section 1, authorized the state legislature to create the counties and grant the counties such powers as they deem necessary.

Article VIII, section 2, however, authorized the counties to exercise "home rule" by providing that:

Each political subdivision shall have the power to frame and adopt a charter for its own self–government within such limits and under such procedures as may be provided by general law. Such procedures, however, shall not require the approval of a charter by a legislative body.

> Charter provisions with respect to a political subdivision's executive, legislative and administrative structure and organization shall be superior to statutory provisions, subject to the authority of the legislature to enact general laws allocating and reallocating powers and functions.

> A law may qualify as a general law even though it is inapplicable to one or more counties by reason of the provisions of this section.

Under this provision, the framers granted to the counties the power to enact ordinances concerning the "structure and organization" of county government. *City & County v. Ariyoshi*, 67 Haw. 412, 415, 689 P.2d 757, 761 (1984).

However, as we stated in *HGEA v. County of Maui*, 59 Haw. 65, 85, 576 P.2d 1029, 1041 (1978), "the constitutional protection afforded county governments against legislative intrusion is far from total."

Article VIII, section 6, of the Hawaii Constitution provides: "This article shall not limit the power of the legislature to enact laws of *statewide concern*." (Emphasis added). In *Ariyoshi*, we stated that "in order to give effect to section 6, the power of the legislature to enact laws of statewide concern regarding local self–government cannot be diminished." 67 Haw. at 416, 689 P.2d at 761. Therefore, although article VIII, section 2, created "home rule," it did not repeal section 6 which reserves matters of statewide concern to the legislature.

Consistent with article VIII, section 6, the state legislature in HRS § 50–15 (1985) expressly retained the "power to enact all laws of general application throughout the State on matters of concern and interest."[5]

The Hawaii Penal Code, being of general application throughout the state, is a law of statewide concern within the meaning of article VIII, section 6, of the Hawaii State Constitution. *See* HRS § 701–106 (1985). When the Prosecutor conducts prosecutions for offenses against the laws of the state pursuant to Honolulu Charter § 8–104(a), it does so on behalf of all the people of the State of Hawaii. *See Territory of Hawaii v. Lucas*, 19 Haw. 162 (1908). Accordingly, how violations of state penal laws are in-

---

[5]In *HGEA*, the court interpreted the phrase "on matters of concern and interest" contained in HRS § 50–15 as meaning "matters of statewide concern and interest." 59 Haw. at 79 n.4, 576 P.2d at 1038 n.4.

vestigated by authorized state and county officials is inherently also a matter of statewide concern constitutionally reserved for the legislature.

The subpoena duces tecum is an important investigatory tool of the government. *See* 81 Am. Jur. 2d *Witnesses* § 14 (1976). The availability of that tool to government officials investigating violations of the Hawaii Penal Code is defined by the legislature in HRS § 28–2.5 (1985). That law grants the government broad subpoena powers in conducting general investigations. *See* HRS § 28–2.5(1)(A). But as noted above, the law also extends important procedural protections to the target of the investigating subpoena. *See* HRS § 28–2.5(1)(B) and (2)(A); and Conf. Comm. Rep. No. 44–86, in 1986 House Journal, at 932. The legislature intended § 28–2.5 to apply statewide to ensure that investigating subpoenas used in enforcing state penal laws are applied uniformly throughout the state, regardless of which county a criminal investigation is conducted in. We therefore hold that § 28–2.5 is a law of statewide concern within the meaning of article VIII, section 6, of the Hawaii State Constitution.

Affirmed.

*Peter Van Name Esser*, Deputy Prosecuting Attorney, for Movant–Appellant.

*William C. McCorriston* (*Scott G. Leong*, with him on the brief) for Party–In–Interest–Appellee.