RONALD Y. AMEMIYA, in his capacity as the Attorney General, State of Hawaii, Plaintiff-Appellee, *v.* MAURICE SAPIENZA, in his capacity as Prosecuting Attorney, City and County of Honolulu, Defendant-Appellant

NO. 6463

S. P. NO. 4209

JUNE 17, 1981

RICHARDSON, C.J., OGATA, MENOR, LUM AND NAKAMURA, JJ.

OPINION OF THE COURT BY MENOR, J.

This is an appeal by the defendant from a circuit court order disqualifying and enjoining him and his deputies from exercising their prosecutorial powers. By letters, dated October 20 and 21, 1976, to the defendant, Maurice Sapienza, then the Prosecuting Attorney of the City and County of Honolulu, the plaintiff, Ronald Y. Amemiya, then acting in his capacity as the Attorney General for the State of Hawaii, had "sought to supersede and set aside the authority of the Defendant to participate in the prosecution of criminal acts relating to the Kukui Plaza Project and/or to any other matter arising out of the City Council's Investigation of the Kukui Plaza Project." When the public prosecutor indicated his intention to disregard the "order" of supersession, the attorney general obtained an injunction from the circuit court. The court's order stated in pertinent part:

This Court will disqualify and enjoin the Prosecuting Attorney or any of his deputies from presenting to the grand jury and prosecuting violations of State law arising out of the City Council's Kukui Plaza Investigation which involve as possible defendant or witness, any person with whom the person presenting this matter to the grand jury or prosecuting the matter has or has had a personal or political relationship.

The underlying issue which merits this court's consideration, and one which needs to be decided, is whether and to what extent the State attorney general may supersede the City and County of Honolulu's prosecuting attorney in initiating and conducting prosecutions for the violation of the State's criminal statutes.

In *Sapienza v. Hayashi,* 57 Haw. 289, 554 P.2d 1131 (1976), we touched upon this area when we observed that traditionally and pursuant to law the office of the prosecuting attorney has been the primary agency charged with initiating and conducting criminal prosecutions. We were not, however, faced with the precise issue now before this court.

The attorney general is without question the chief legal officer of the State. HRS § 26-7 (1976); *see* Hawaii Const. art. V, § 6. In addition to his other duties, he is statutorily charged and empowered, "unless otherwise provided by law, [to] prosecute cases

involving violations of state laws and cases involving agreements, uniform laws, or other matters which are enforceable in the courts of the State." *Id.*

Prior to 1932, the attorney general conducted all criminal prosecutions. In that year, however, the Legislature established the office of public prosecutor for the City and County of Honolulu. Act 13, 1932 Hawaii Sess. Laws 18, 19. The public prosecutor was to be appointed by the mayor but was subject to removal by the attorney general with the approval of the governor. He was mandated to "[a]ttend all courts in the city and county and *under the control and direction of the attorney general* conduct on behalf of the people all prosecutions therein for offenses against the laws of the Territory and the ordinances of the board of supervisors of the city and county." *Id.* (Emphasis added) By law the public prosecutor was made a deputy of the attorney general and was required to report to the latter from time to time regarding the activities of his office. *Id.*

Subsequently, in 1957, the law was amended so that the public prosecutor was no longer removable by the attorney general. Act 233, 1957 Hawaii Sess. Laws 253. The new law also deleted the phrase "under the control and direction of the attorney general" and provided instead that "[t]he public prosecutor shall prosecute offenses against the laws of the Territory *under the authority* of the attorney general." *Id.* (Emphasis added) More significantly, the public prosecutor and his deputies were no longer to be deemed deputies of the attorney general. In explaining these amendments the Legislature stated:

The purposes of this bill are as follows:

1. To eliminate the provisions in the laws which state that county attorneys of the several counties and the city and county public prosecutor and their deputies or assistants shall be deputies of the attorney general.

2. To abolish the power of the attorney general to remove the attorney and the public prosecutor of the city and county with the approval of the governor. [H. Stand.Comm.Rep. No. 518, 29th Hawaii Leg., Reg. Sess., reprinted in House Journal 786 (1957).]

Art. VI, § 6-703 (1973, renumbered art. VIII, § 8-105, 1978) of the Charter of the City and County of Honolulu, which was adopted

pursuant to enabling legislation, and from which the prosecutor for the City and County derives his powers, also provides:

§ 6-703. Powers, Duties and Functions. The prosecuting attorney shall:

(a) Attend all courts in the city and conduct, on behalf of the people, all prosecutions therein for offenses against the laws of the State and the ordinances and rules and regulations of the city.

(b) Prosecute offenses against the laws of the State *under the authority* of the attorney general of the State. (Emphasis added)

On the other hand, HRS § 28-2 (1976) provides:

§ 28-2 Prosecutes offenders, enforces bonds. [The attorney general] *shall be vigilant and active in detecting offenders against the laws of the State, and shall prosecute the same with diligence.* He shall also enforce all bonds and other obligations in favor of the State that may be placed in his hands for that purpose, by any person having the lawful custody of the papers; and he shall likewise be diligent in prosecuting all persons who may obstruct any street, channel, harbor, wharf, or other highway, or any stream or public watercourse, or commit any trespass, or waste on any portion of the public domain, or other public property. (Emphasis added)

These provisions, nonetheless, are not irreconcilable. The statutory scheme, as we view it, provides that the attorney general, as the chief legal officer for the State, shall have the ultimate responsibility for enforcing penal laws of statewide application. The public prosecutor, however, has been delegated the primary authority and responsibility for initiating and conducting criminal prosecutions within his county jurisdiction. What is thus reserved to the attorney general is the residual authority to act. The phrase "under the authority of the attorney general" is a recognition of his status as the State's chief law enforcement officer and cannot sensibly be construed as a reservation of power to usurp, at his sole discretion, the functions of the public prosecutor. Any other view would lead to potentially absurd and chaotic results. Apparently recognizing this potential for mischief if this court were to hold otherwise, the attorney general in oral argument has not insisted that he ought to be allowed to supersede the prosecuting attorney at will. With admira-

ble restraint, he asks only that it be determined that in certain compelling circumstances he is empowered to intercede. We agree with this latter proposition. So that, for example, where the public prosecutor has refused to act and such refusal amounts to a serious dereliction of duty on his part, or where, in the unusual case, it would be highly improper for the public prosecutor and his deputies to act, the attorney general may supersede the public prosecutor. In every such case, however, it must be clearly apparent that compelling public interests require the attorney general's intervention in the particular matter.

In this case the attorney general was properly allowed to supersede the public prosecutor. This was ordered after a finding by the circuit court that the prosecuting attorney and his deputies should be disqualified from initiating prosecution for possible violations of State law arising out of the Kukui Plaza project. The court's authority to order a prosecutor's disqualification is clear. In *Sapienza v. Hayashi, supra,* this court pointed out that "[i]n the exercise of its supervisory powers over grand jury proceedings, the circuit court may order the disqualification of attorneys attending the grand jury where the integrity of the grand jury process and the proper administration of justice require it." 57 Haw. at 292-93, 554 P.2d at 1134-35. And once this determination has been made, the order will not be set aside by this court unless a clear abuse of the circuit court's discretion has been shown. *Id.*

In the present case allegations of impropriety on the part of certain public officials and private individuals had been made, and as a result the circumstances surrounding the Kukui Plaza development had become the subject of an ongoing investigation by the City Council. The principal parties most often mentioned in the investigation were the Mayor of the City and County of Honolulu, Mr. Harry C. C. Chung, and Mr. Hal Hansen. At a certain point in the investigation, the Mayor publicly announced that because he had learned that a witness in the City Council investigation was going to accuse him of receiving "skim" money from project, a charge which the Mayor categorically denied [and which, incidentally, was never proven], the Mayor was going to request the City Prosecutor to present the entire Kukui Plaza controversy to the grand jury. By that time the subject had received much publicity and had gained a certain amount of notoriety.

Mr. Sapienza, the City Prosecutor, was an appointee of the Mayor,[1] *see* Article VI, § 6-701 (1973) of the Charter of the City and County of Honolulu, and was a close personal and political associate of the mayor. While personal and political associations will not necessarily disqualify a prosecutor from taking part in a prosecution,[2] we think that considering the circumstances attending the Kukui Plaza controversy, the circuit court acted properly in ordering Mr. Sapienza's disqualification. For that matter, in *Sapienza v. Hayashi, supra,* this court suggested that in the event of a grand jury probe into the controversy, it might be well for the City prosecutor to consider recusing himself because of his close personal and political relationships with the principal parties most often mentioned in connection with the investigation. As to Mr. Sapienza's deputies, we think that their disqualification was addressed to the exercise of the circuit court's sound discretion. They were selected by Mr. Sapienza and worked in the same office with him, and we are not prepared to hold that the circuit court abused its discretion as to these deputies. Moreover, because public trust in the scrupulous administration of justice and in the integrity of the judicial process is paramount, any serious doubt will be resolved in favor of disqualification. *Hull v. Celanese Corporation,* 513 F.2d 568 (2d Cir. 1975).

Affirmed.

*Arthur Ross,* Deputy Prosecuting Attorney for defendant-appellant.

*Larry L. Zenker,* Assistant Attorney General and *Charlotte Libman,* Deputy Attorney General for plaintiff-appellee.

---

[1] The City and County of Honolulu Charter was subsequently amended, in 1978, to provide for an elected prosecutor. See present Article VIII, § 8-102 of the Charter.

[2] Whether a prosecutor ought to be disqualified by reason of personal and political associations would depend on the extent and degree of the relationship and the circumstances surrounding the particular case. Sapienza v. Hayashi, supra.