**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000117
07-FEB-2014
08:28 AM**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---

MICHAEL DOYLE RUGGLES, REV. NANCY WAITE HARRIS,
KENNETH V. MIYAMOTO-SLAUGHTER, WENDY TATUM,
DAVID TATUM, and ROBERT S. MURRAY,
Plaintiffs-Appellants,
and
GEORGE HERMAN KLARE, BARBARA JEAN LANG,
Plaintiffs-Appellees,
v.
DOMINIC YAGONG, DONALD IKEDA, J. YOSHIMOTO, DENNIS ONISHI,
FRED BLAS, BRITTANY SMART, BRENDA FORD, ANGEL PILAGO, and
PETE HOFFMAN, current Hawai'i County Council members;
JAY KIMURA, Hawai'i County Prosecutor;
MITCHELL ROTH and CHARLENE IBOSHI, Deputy Prosecuting Attorneys;
BILLY KENOI, Hawai'i County Mayor, respondeat superior,
HARRY KUBOJIRI, Hawai'i County Chief of Police,
KELLY GREENWELL, GUY ENRIQUES, and EMILY NA'OLE,
previous Hawai'i County Council members,
Defendants-Appellees,
and
JOHN DOES 1-10, Defendants

NO. CAAP-13-0000117

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 11-1-117)

February 7, 2014

FOLEY, PRESIDING JUDGE, LEONARD AND REIFURTH, JJ.

OPINION OF THE COURT BY FOLEY, J.

Pro se Plaintiffs-Appellants Michael Doyle Ruggles, Rev. Nancy Waite Harris, Kenneth V. Miyamoto-Slaughter, Wendy Tatum, David Tatum, and Robert S. Murray (collectively, Plaintiffs) appeal from the January 28, 2013 Final Judgment entered in the Circuit Court of the Third Circuit[1] (circuit court), in favor of the following County of Hawai'i public officials, Defendants-Appellees Dominic Yagong, Donald Ikeda, J. Yoshimoto, Dennis Onishi, Fred Blas, Brittany Smart, Brenda Ford, Angel Pilago, Pete Hoffman, Jay Kimura, Mitchell Roth, Charlene Iboshi, Billy Kenoi, Harry Kubojiri, Kelly Greenwell, and Emily Na'ole (collectively, Defendants). Plaintiffs' complaint, filed March 24, 2011, alleged that Defendants failed to implement and enforce a citizen-sponsored initiative, the Lowest Law Enforcement Priority of Cannabis Ordinance (LLEP), Hawai'i County Ordinance No. 08-181, which the County of Hawai'i (County) voters supported by ballot in November 2008.

## I. BACKGROUND

In 2008, the County voters approved a citizen-sponsored initiative that made the enforcement of marijuana laws the lowest enforcement priority in the county. The Certificate of Results reported 35,689 votes for the LLEP proposal and 25,940 votes against it. The County Clerk certified the measure, the "Lowest Law Enforcement Priority of Cannabis Ordinance," Bill No. 335, Ordinance No. 08-181, codified as Article 16, Hawai'i County Code

---

[1] The Honorable Greg K. Nakamura presided.

(HCC) § 14-96 et seq. (2008).

> **Section 14-96. Purpose.**
> The purpose of this article is to:
>
> (1) Provide law enforcement more time and resources to focus on serious crimes;
>
> (2) Allow our court systems to run more efficiently;
>
> (3) Create space in our prisons to hold serious criminals;
>
> (4) Save taxpayers money and provide more funding for necessities such as education and health care; and
>
> (5) Reduce the fear of prosecution and the stigma of criminality from non-violent citizens who harmlessly cultivate and/or use cannabis for personal, medicinal, religious, and recreational purposes.

Most of the LLEP provisions address "adult personal use" of cannabis. An "adult" as defined in LLEP is any individual of twenty-one years of age or older. HCC § 14-98. "Adult personal use" is defined as:

> the use of cannabis on private property by adults. It does not include:
>
> (1) Distribution or sale of cannabis;
>
> (2) Distribution, sale, cultivation, or use of cannabis on public property;
>
> (3) Driving under the influence; or
>
> (4) The commercial trafficking of cannabis, or the possession of amounts of cannabis in excess of the amounts defined as being appropriate for adult personal use.

Id.

The LLEP defined "Lowest Law Enforcement Priority" to mean:

> a priority such that all law enforcement activities related to all offenses other than the possession or cultivation of cannabis for adult personal use shall be a higher priority than all law enforcement activities related to the adult personal use of cannabis. The Lowest Law Enforcement Priority regarding possession or cultivation of cannabis shall apply to any single case involving twenty four or

fewer cannabis plants at any stage of maturity or the equivalent in dried cannabis, where the cannabis was intended for adult personal use.

Section 14-99(b)-(d) of the LLEP, entitled "Lowest law enforcement priority policy relating to the adult personal use of cannabis[,]" provides, in part:

(b) The council, the police commissioner, the chief of police and all associated law enforcement staff, deputies, officers and any attorney prosecuting on behalf of the county shall make law enforcement activity relating to cannabis offenses, where the cannabis was intended for adult personal use, their Lowest Law Enforcement Priority. Law enforcement activities relating to cannabis offenses include but are not limited to the prosecution of cannabis offenses involving only the adult personal use of cannabis.

(c) Neither the chief of police, the police commissioner, nor any attorney prosecuting on behalf of the county, nor any associated law enforcement staff, deputies, nor officers shall seek, accept or renew any formal or informal deputization or commissioning by a federal law enforcement agency for the purpose of investigating, citing, or arresting adults, nor for searching or seizing property from adults for cannabis offenses subject to the Lowest Law Enforcement Priority of cannabis where such activities would be in violation of that policy, nor shall such authorities exercise such powers that may be ancillary to deputization or commissioning for another purpose.

(d) The council shall not authorize the acceptance or the issuing of any funding that is intended [to] be used to investigate, cite, arrest, prosecute, search or seize property from adults for cannabis offenses in a manner inconsistent with the county's Lowest Law Enforcement Priority policy.

The circuit court found:

1. Under Section 14-99 of the [HCC], law enforcement activities including prosecution involving criminal offenses which fall within the definition of Lowest Law Enforcement Priority are to have the lowest priority.

2. Under Article 16 of Chapter 14 of the [HCC]. [The County] law enforcement personnel are:

   a) Prohibited from deputizing or commissioning federal enforcement personnel from participating in the investigation or prosecution of offenses which fall within the definition of the Lowest Law Enforcement

Priority.  Section 14-99(c), [HCC].

b) Prohibited from obtaining funds for the investigation
   or prosecution of offenses which fall within the
   definition of the Lowest Law Enforcement Priority.
   Section 14-99(d), [HCC]

c) Prohibited from spending or authorizing the spending
   of funds for the investigation of offenses which fall
   within the definition of the Lowest Law Enforcement
   Priority.  Section 14-101(a), [HCC].

3) Article 16, if enforced, would prevent the investigation
   and prosecution of offenses which fall within the
   definition of Lowest Law Enforcement Priority under
   Section 14-99 of the [HCC].

4) Article 16, if enforced, would prevent the investigation
   and prosecution in the [County] of the following
   criminal offenses defined under the Hawai'i Penal Code:
   Section 712-1247(1)(e) Promoting a Detrimental Drug in the
   First Degree; Section 712-1248(1)(c) Promoting a Detrimental
   Drug in the Second Degree; and Section 712-1249(1) Promoting a
   Detrimental Drug in the Third Degree.

The circuit court concluded: "[t]he Penal Code of the
State of Hawai'i is a comprehensive code of penal laws that
applies throughout the State of Hawai'i and is uniformly applied
throughout the State[]" citing Hawaii Revised Statutes (HRS)
§ 701-106 (1993) ("Territorial applicability"); "[t]he provisions
of Article 16 of Chapter 14 [HCC] are preempted by the provisions
of Title 37 of the [HRS;]" and "[t]he provisions of Article 16 of
Chapter 14, [HCC], are thus unenforceable."

## II.  DISCUSSION

The County derives its powers to enact and enforce
ordinances from the general laws of the State of Hawai'i.  Haw.
Const. art. VIII, § 1.  The County's authority to enact and
enforce ordinances, however, is limited by the legislature's
power to enact laws of "statewide concern."  Haw. Const. art.
VIII, § 6; see also HRS § 50-15 (2012 Repl.).  Article VIII
section 6 of the Hawai'i Constitution is implemented by HRS § 50-

5

15, which provides:

> Notwithstanding the provisions of this chapter, there is expressly reserved to the state legislature the power to enact all laws of general application throughout the State on matters of concern and interest and laws relating to the fiscal powers of the counties, and neither a charter nor ordinances adopted under a charter shall be in conflict therewith.

"Ordinances in violation of these provisions [HRS § 50-15 and Haw. Const. art. VIII, § 6] thus are invalid." Stallard v. Consol. Maui, Inc., 103 Hawai'i 468, 473, 83 P.3d 731, 736 (2004). HRS § 46-1.5(13) (2012 Repl.), titled, "General powers and limitation of the counties," provides:

> (13) Each county shall have the power to enact ordinances deemed necessary to protect health, life, and property, and to preserve the order and security of the county and its inhabitants on any subject or matter not inconsistent with, or tending to defeat, the intent of any state statute where the statute does not disclose an express or implied intent that the statute shall be exclusive or uniform throughout the State[.]

(Emphasis added.)

Hawai'i courts have derived a "comprehensive statutory scheme" test from these constitutional and statutory parameters to approach the issue of state statutory preemption of county ordinances. The Hawai'i Supreme Court has held: "a municipal ordinance may be preempted pursuant to HRS § 46-1.5(13) if (1) it covers the same subject matter embraced within a comprehensive state statutory scheme disclosing an express or implied intent to be exclusive and uniform throughout the state or (2) it conflicts with state law." Richardson v. City & Cnty. of Honolulu, 76 Hawai'i 46, 62, 868 P.2d 1193, 1209 (1994).

The LLEP governs the investigation of cannabis related offenses by attorneys "prosecuting on behalf of the [C]ounty[.]" The supreme court has further held that:

> The Hawai[']i Penal Code, being of general application throughout the state, is a law of statewide concern within

6

the meaning of article VIII, section 6, of the Hawai['] i
State Constitution. *See* HRS § 701-106 (1985). When the
Prosecutor conducts prosecutions for offenses against the
laws of the state pursuant to Honolulu Charter § 8-104(a),
it does so on behalf of all the people of the State of
Hawai['] i. *See Territory of Hawaii v. Lucas,* 19 Haw. 162
(1908). Accordingly, how violations of state penal laws are
investigated by authorized state and county officials is
inherently also a matter of statewide concern
constitutionally reserved for the legislature.

Marsland v. First Hawaiian Bank, 70 Haw. 126, 133, 764 P.2d 1228,

1232 (1988) (emphasis added).

HRS § 28-2.5(a) (2009 Repl.) provides:

The attorney general shall investigate alleged violations of
the law when directed to do so by the governor, or when the
attorney general determines that an investigation would be
in the public interest.

HRS § 28-2 (2009 Repl.) provides, "[t]he attorney

general shall be vigilant and active in detecting offenders

against the laws of the State, and shall prosecute the same with

diligence."

Under Hawai'i's statutory scheme:

the attorney general, as the chief legal officer for the
State, shall have the ultimate responsibility for enforcing
penal laws of statewide application. The public prosecutor,
however, has been delegated the primary authority and
responsibility for initiating and conducting criminal
prosecutions within his county jurisdiction. What is thus
reserved to the attorney general is the residual authority
to act.

Amemiya v. Sapienza, 63 Haw. 424, 427, 629 P.2d 1126, 1129

(1981).

Amemiya held that the attorney general has the

authority to intercede in the county prosecutors' criminal

prosecutions in "certain compelling circumstances[:]"

So that, for example, where the public prosecutor has
refused to act and such refusal amounts to a serious
dereliction of duty on his part, or where, in the unusual
case, it would be highly improper for the public prosecutor
and his deputies to act, the attorney general may supersede

> the public prosecutor. In every such case, however, it must be clearly apparent that compelling public interests require the attorney general's intervention in the particular matter.

Amemiya, 63 Haw. at 427, 629 P.2d at 1129.

State statutes providing for the criminalization and regulation of adult personal use of cannabis provide further evidence of legislative intent to preempt the LLEP. The circuit court found the LLEP would prevent the investigation and prosecution of the following criminal offenses: (1) promoting a detrimental drug in the first degree, which includes the knowing possession of a preparation containing marijuana that weighs one pound or more (HRS § 712-1247(1)(e) (1993)); (2) promoting a detrimental drug in the second degree, which includes the knowing possession of a preparation containing marijuana that weighs one ounce or more (HRS § 712-1248(1)(c) (1993)); and (3) promoting a detrimental drug in the third degree, which includes the knowing possession of marijuana in any amount (HRS § 712-1249(1) (1993)). Id.

The legislature also disclosed its intent to regulate the adult personal use of cannabis through HRS Chapter 329, Hawai'i's Uniform Controlled Substances Act. Chapter 329 prohibits the possession of paraphernalia used to produce, deliver, or ingest marijuana by adults. HRS § 329-43.5(a),(b) (2010 Repl.). HRS § 329-122 (Supp. 2013) regulates the adult personal use of marijuana for medicinal purposes across the state. Cannabis is a "Schedule I" controlled substance (HRS § 329-14(g)(1) (Supp. 2013)) and is thus subject to statutes providing for: (1) the registration of practitioners, where the cannabis is used for research (HRS § 329-33(c) (2010 Repl.)); (2) the assistance of the Hawai'i advisory commission on drug abuse

and controlled substances (HRS § 329-4 (Supp. 2013)); (3) the filing requirements for the manufacture, distribution, dispensing, transportation, warehousing, or other handling of cannabis (HRS § 329-37 (2010 Repl.)); and (4) the penalties for Chapter 329 violations (HRS §§ 329-41 (2010 Repl.) through -42 (Supp. 2013)).

We conclude that the LLEP conflicts with, and is thus preempted by state laws governing the investigation and prosecution of alleged violations of the Hawai'i Penal Code concerning the adult personal use of cannabis. We further conclude that the LLEP covers the adult personal use of cannabis, which is the same subject matter that the legislature intended to govern under HRS Chapter 329 provisions for the regulation of controlled substances. The LLEP is therefore preempted by the Hawai'i Penal Code and HRS Chapter 329, Hawai'i's Uniform Controlled Substances Act.

### III. CONCLUSION

The January 28, 2013 Final Judgment entered in the Circuit Court of the Third Circuit is affirmed.

On the briefs:

Michael Doyle Ruggles,
Rev. Nancy Waite Harris,
Kenneth V. Miyamoto-Slaughter,
Wendy Tatum,
David Tatum,
Robert S. Murray,
Plaintiffs-Appellants pro se.

Michael J. Udovic
Deputy Corporation Counsel,
County of Hawai'i
for Defendants-Appellees.

9