**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000872
18-APR-2024
07:56 AM
Dkt. 154 SO**

NO. CAAP-19-0000872

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


PUNA PONO ALLIANCE, a Hawaiʻi non-profit association;
JON OLSON; and HILLARY E. WILT,
Plaintiffs-Counterclaim Defendants-Appellants/Cross-Appellees,
v.
PUNA GEOTHERMAL VENTURE, a Hawaiʻi General Partnership,
Defendant-Counterclaimant-Appellee/Cross-Appellant,
and
COUNTY OF HAWAII, STATE OF HAWAIʻI DEPARTMENT OF LAND
AND NATURAL RESOURCES,
Defendants-Appellees/Cross-Appellees,
and
JOHN DOES 1-10;
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CC151000034)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Plaintiffs-Counterclaim Defendants-Appellants/Cross-

Appellees Puna Pono Alliance, a Hawaiʻi non-profit association,[1]

Jon Olson, and Hillary E. Wilt (collectively, **Puna Pono** or

**Plaintiffs**) appeal from the October 30, 2019 Final Judgment

---

[1]      Puna Pono Alliance has since been dissolved; as all named plaintiffs shared counsel, this summary disposition order will simply refer to them as "Puna Pono or Plaintiffs."

(**Judgment**) entered by the Circuit Court of the Third Circuit (**Circuit Court**).[2]  Defendant-Counterclaim Plaintiff-Appellee/Cross-Appellant Puna Geothermal Venture, a Hawaiʻi General Partnership (**PGV**), cross-appeals from the Judgment and challenges the Circuit Court's May 6, 2015 Order Denying [PGV's] Motion to Dismiss Complaint, or in the Alternative, Motion for Summary Judgment (**Order Denying Dismissal**).

Puna Pono raises two points of error on appeal, contending that the Circuit Court erred in:  (1) denying the May 25, 2016 Plaintiffs' Motion for Partial Summary Judgment (**Plaintiffs' MPSJ**); and (2) granting PGV's June 30, 2016 Motion for Summary Judgment (**PGV's MSJ**) and the County of Hawaii's (**County's**) July 1, 2016 Cross-Motion for Summary Judgment (**County's MSJ**).

PGV also raises two points of error on appeal, contending that the Circuit Court erred in:  (1) denying PGV's March 3, 2015 motion to dismiss; and (2) dismissing PGV's Counterclaim without adjudicating Counts II and III of the Counterclaim.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the parties' points of error as follows:

---

[2]     The Honorable Greg K. Nakamura presided.

Puna Pono's Appeal

Puna Pono requested partial summary judgment declaring that Hawaiʻi County Code (**HCC**) § 14-114 (2012) was a legislative act authorized by Hawaii Revised Statutes (**HRS**) § 46-17 (2012) and is not preempted by State law. The County, as well as PGV, opposed the motion. PGV filed, *inter alia*, a cross-motion for summary judgment on multiple grounds, including but not limited to preemption. The County also filed, *inter alia*, a cross-motion for summary judgment on multiple grounds, including but not limited to preemption.

HCC § 14-114 provides:

> **Section 14-114. Restrictions.**
> Geothermal resources exploration drilling and geothermal production drilling operations being conducted one mile or less from a residence, shall be restricted to the operating hours of 7:00 a.m. – 7:00 p.m.

HRS § 46-17 provides:

> **§ 46-17 Regulation of certain public nuisances.** Any provision of law to the contrary notwithstanding, the council of any county may adopt and provide for the enforcement of ordinances regulating or prohibiting noise, smoke, dust, vibration, or odors which constitute a public nuisance. No such ordinance shall be held invalid on the ground that it covers any subject or matter embraced within any statute or rule of the State; provided that in any case of conflict between a statute or rule and an ordinance, the law affording the most protection to the public shall apply, with the exception that:
> (1) An ordinance shall not be effective to the extent that it is inconsistent with any permit for agricultural burning granted by the department of health under authority of chapter 342B, or to the extent that it prohibits, subjects to fine or injunction, or declares to be a public nuisance any agricultural burning conducted in accordance with such a permit; and
> (2) An ordinance shall not be effective to the extent that it is inconsistent with any noise rule adopted by the department of health under authority of chapter 342F.

On October 10, 2016, the Circuit Court entered a Decision and Order Denying [Plaintiffs' MPSJ], Granting [PGV's

MSJ], and Granting [County's MSJ] (**Decision and Order**). In the Decision and Order, the Circuit Court stated that the specific issue to be addressed was whether HCC § 14-114 is enforceable against PGV, and the broader issue was whether HCC § 14-114 is preempted by State law. The Circuit Court pointed to various provisions of HRS Chapter 182, Reservation and Disposition of Government Mineral Rights, and Hawaiʻi Administrative Rules (**HAR**) Title 13, Sub-Title 7, Chapter 183, Rules on Leasing and Drilling of Geothermal Resources, to highlight the comprehensive State statutory and regulatory scheme providing the Board of Land and Natural Resources (**Board**) the power to regulate geothermal well drilling activities, including through the granting of a drilling permit. The Circuit Court concluded that HCC § 14-114 conflicted with the Board's power to regulate geothermal drilling activities, and therefore, it was preempted by the State statutory and regulatory regime.

On appeal, both the County and the State (as well as PGV) filed answering briefs setting forth a whole host of reasons why the Circuit Court's ruling should be affirmed, most importantly, that Hawaii's comprehensive statutory and regulatory scheme regulating geothermal resources preempts the ordinance.

The Hawaiʻi Supreme Court recently reaffirmed the test applicable to the issue of preemption:

> As we stated in <u>Ruggles v. Yagong</u>, 135 Hawaiʻi 411, 353 P.3d 953 (2015):
>
> A county's power to promulgate ordinances is governed by Article VIII, Section 1 of the Constitution of the State of Hawaiʻi, which states, "The legislature shall create counties, and may create other political subdivisions within

the State, and provide for the government thereof. <u>Each political subdivision shall have and exercise such powers as shall be conferred under general laws.</u>" (Emphasis added.) Thus, pursuant to the Hawaiʻi Constitution, a county's powers are limited to those conferred by the legislature under general laws. The legislature has outlined the "General powers and limitations of the counties" in HRS § 46-1.5 (2012). HRS § 46-1.5(13) [2018] provides

> Each county shall have the power to enact ordinances deemed necessary to protect health, life, and property, and to preserve the order and security of the county and its inhabitants on any subject or matter not inconsistent with, or tending to defeat, the intent of any state statute where the statute does not disclose an express or implied intent that the statute shall be exclusive or uniform throughout the State[.]

<u>Ruggles</u>, 135 Hawaiʻi at 422, 353 P.3d at 964.

> HRS § 46-1.5(13) was intended to mandate "the preemption of any ordinance that either conflicted with the intent of a state statute or legislated in an area already staked out by the legislature for exclusive and statewide statutory treatment." <u>Richardson v. City and Cnty. of Honolulu</u>, 76 Hawaiʻi 46, 60, 868 P.2d 1193, 1207 (1994).

> A municipal ordinance may be preempted by state law "if (1) it covers the same subject matter embraced within a comprehensive state statutory scheme disclosing an express or implied intent to be exclusive and uniform throughout the state or (2) it conflicts with state law." <u>Richardson</u>, 76 Hawaiʻi at 62, 868 P.2d at 1209 (citations omitted).

<u>State v. Pickell</u>, SCWC-21-0000530, 2023 WL 8889767, *3-4 (Haw. Dec. 26, 2023).

We conclude that HCC § 14-114 covers the same subject matter as that set forth in the comprehensive State statutory and regulatory scheme governing geothermal resources, and that this scheme is impliedly intended to be exclusive and uniform. Therefore, we conclude that the Circuit Court did not err in reaching this conclusion.

<u>PGV's Cross-Appeal</u>

PGV first argues that the Circuit Court erred in denying its motion to dismiss Puna Pono's complaint on the grounds that it failed to state a claim upon which relief could

be granted. However, in light of our conclusion that the Circuit Court correctly granted summary judgment in favor of PGV and against Puna Pono, we conclude that this issue is moot. See generally Leone v. Cnty. of Maui, 141 Hawaiʻi 68, 89, 404 P.3d 1257, 1278 (2017).

PGV further argues that the Circuit Court erred when it summarily dismissed Counts II and III of its Counterclaim when the Circuit Court entered judgment in favor of PGV based on preemption. Count II of the Counterclaim sought a declaratory ruling that HCC § 14-114 is unenforceable because it is unconstitutionally vague, ambiguous, and overbroad. Count III of the Counterclaim sought a declaratory ruling that HCC § 14-114 cannot be enforced against it based on its vested rights and equitable estoppel.

"A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them." Rees v. Carlisle, 113 Hawaiʻi 446, 456, 153 P.3d 1131, 1141 (2007) (citation omitted). In addition, the Circuit Court's ruling in favor of PGV on the grounds that preemption rendered HCC § 14-114 unenforceable rendered PGV's request for relief on alternative grounds moot. See Leone, 141 Hawaiʻi at 89, 404 P.3d at 1278.[3]

---

[3] PGV has not argued that an exception to the mootness doctrine applies here.

For these reasons, the Circuit Court's October 30, 2019 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, April 18, 2024.

On the briefs:

Gary C. Zamber,
for Plaintiffs-Counterclaim
Defendants-Appellants/
Cross-Appellees.

Lerisa L. Heroldt,
Deputy Corporation Counsel,
Laureen L. Martin,
Deputy Corporation Counsel
 Section Chief,
County of Hawaiʻi,
Office of the Corporation Counsel,
for Defendant-Appellee/Cross-Appellee
  COUNTY OF HAWAIʻI.

Thomas L.H. Yeh,
Jill D. Raznov,
(Law Offices of Yeh & Moore),
for Defendant-Counterclaim Plaintiff-
  Appellee/Cross-Appellant
  PUNA GEOTHERMAL VENTURE.

Kimberly T. Guidry,
Solicitor General,
Nicholas M. McLean,
Deputy Solicitor General,
Department of the Attorney General,
for Defendant-Appellee/Cross-Appellee
    STATE OF HAWAIʻI DEPARTMENT OF LAND
    AND NATURAL RESOURCES.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge